USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/02/2019

# Linda George
## Attorney at Law

577 Summit Avenue
Hackensack, New Jersey 07601
Tel: 201-487-5225
Fax: 201-487-8807
email: lgdefense@yahoo.com

November 16, 2019

**VIA CM/ECF**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court,
 Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**  **United States v. Juan Manuel Avila-Meza**
      **Cr. No.:** **15-174 (LGS)**

Dear Judge Schofield:

  Defendant writes concerning issues in connection with the *Fatico* hearing now scheduled for December 17, 2019. These include; the scope of defendant's PSR objections and the need for a hearing; whether a joint *Fatico* hearing is appropriate; and, due to recent government disclosures, the need for further discovery as well as additional time to review same to enable defendant to fully address the court. Since the entry of the court's Order, resolution of defendant's issues has been attempted without success.

*Background*

  On September 24, 2018, objections to the Draft Pre-Sentence Report ("PSR") were submitted to Jemmard N. Thomas, USPO, on behalf of defendant. Objections were made to the presentation of the offense conduct and arguments were urged supporting defendant's request for a variance pursuant to 18 U.S.C. §3553. On June 25, 2019, defendant's sentencing memorandum was submitted incorporating the above objections and concerns. D.E. 376.

  On July 2, 2019, the government submitted its sentencing arguments. D.E. 383. Thereafter, defendant sought an adjournment of the sentencing date to obtain documents needed to prepare a supplemental sentencing submission. The court ultimately permitted defendant's supplemental sentencing submission to be filed by December 3, 2019, followed by a sentencing date of December 17, 2019.

  On September 3, 2019, co-defendant Ludwig Criss-Zelaya-Romero ("Zelaya") filed his sentencing submission. D.E. 387. In response, on September 5, 2019, the government sought a

*Fatico* hearing to present evidence regarding Zelaya's participation in acts of violence. The court then ordered Avila to appear at a *Fatico* hearing together with Zelaya. That hearing is presently scheduled for December 17, 2019 and the sentencing date has been adjourned without date.

### *Issues Raised by Defendant's Objections to PSR*

Preliminarily, defendant respectfully advises the court that objections are interposed due to what appears to be probation's blanket adoption of government's version of the offense. Avila's participation in the conspiracy is portrayed only on the basis of his membership in the Honduran National Police and with great inflammatory generalizations.

Probation did not set forth any factors as to defendant's participation in the conspiracy charged as a licensed attorney in Honduras. Probation did not reflect in the offense conduct portion of the PSR the fact that Avila was suspended from the police department during 2005 and 2011. *See* PSR ¶ 9,14 and 15. To support his request to adjust the facts presented in the report, defendant supplied numerous documents for the court's reference in his sentencing submission.

Defendant objects to the recitations of offense conduct appearing in PSR ¶16, 17, 18, 19 and 20 to the extent they describe physical violence, murders and similar conduct. These paragraphs do not reference Avila and are thus, respectfully, gratuitously inflammatory. The remedy requested is to simply strike the offensive language. Defendant believes that this is a request that does not raise issues warranting a *Fatico* hearing.

The objections to the recitation of offense conduct in PSR ¶21 are with respect to the description of defendant's meeting with related defendant Tony Hernandez, the brother of the Honduran president, at a Denny's restaurant in Honduras. ("Denny's meeting"). Defendant does not deny that the meeting took place, but denies the description of the meeting and the nature of his involvement. To support defendant's contention, a copy of the video and a transcript of the Denny's meeting has been supplied to the court. It is urged that any testimony during a *Fatico* hearing will not assist the court in its review of the matter beyond the plain black and white evidence recorded by video and memorialized by the transcript.

Defendant's remaining objections/comments are set forth within the context of §3553 arguments. Specifically, defendant seeks the court's recognition that: (a) he displayed a super-acceptance of responsibility; (b) his role in the offense was limited; (c) the charges reflect an overstatement of his criminal involvement; and (d) he has been negatively impacted by sentencing entrapment and coercion, as factors warranting a variance. It is not understood how the self-serving testimony of the Maradiaga brothers at a *Fatico* hearing would assist in the court's assessment of the merits of defendant's arguments with respect to the 3553 factors.

### *The Need for Additional Discovery*

In its October 29, 2019 Order, the court also directed the government to file a letter setting forth the expected witnesses, duration and whether or not the testimony of any witness would overlap

the testimony of another. D.E. 394. On November 1, 2019, the government submitted a letter (the "11/1 letter") in response to the court's directive that identified 3 witnesses it intends to call at the *Fatico* hearing. The 11/1 letter does not, however, detail the testimony of the intended witnesses or against whom each witness' testimony will be offered. In an effort to learn this information, a conference call took place between counsel and the government. During the call, the government revealed for the first time since defendant's arrest on July 11, 2016, that it intends to provide information concerning defendant's participation in ascertaining the whereabouts of an individual targeted for a killing on behalf of the Maradiaga brothers. The government further advised that testimony was adduced at trial in *United States v. Hernandez*, Docket No. 15-379 (PKC), that Avila arranged for the introduction of defendant Hernandez to the Maradiagas for purposes other than what is clearly portrayed in the video and transcript of the Denny's meeting.

Since the government has already disclosed the names of individuals who will be called to testify and now, three years after arrest, references evidence attributing acts to Avila that have never previously been disclosed, it is respectfully submitted that immediate disclosure of any and all discovery pertaining to the government's allegations is proper. In the event the government argues that these materials are within the purview of 18 U.S.C. §3500, thus warranting delayed disclosure, defendant points out that this evidence has already been produced in other proceedings through discovery and public testimony.

Accordingly, it is respectfully requested that an order issue directing immediate production of all discovery pertaining to the government's allegations described above.

*A Joint Hearing May Not be Appropriate*

Regarding the hearing scheduled, it is respectfully submitted that a joint *Fatico* hearing with Zelaya may prove prejudicial. The offense conduct related to Zelaya (as reflected in Avila's PSR) implicates Zelaya's direct participation in many acts of violence and murders. *See* ¶15, 16, 18,19 and 20. Avila's conduct is not of the same nature. Whether the disparate character of their respective participation will prejudicially impact the breadth and tenor of the hearing is an issue.

Thus, while a joint hearing may serve the interests of judicial economy, it is Avila's concern that the order for a joint hearing may be premised on positions that are not consistent with defendant's objections and will have no bearing on their determination. His appearance in a hearing that may address conduct far more egregious than the conduct attributed to him, may not properly focus upon his own concerns. The court is therefore respectfully asked to consider that Avila's presence at the *Fatico* hearing with co-defendant Zelaya may not assist the court, but may in fact prejudice Avila.

*Request for Adjournment*

It has been difficult for defendant to obtain supporting documents and exculpatory materials because the pertinent documents must be retrieved from Honduras and then translated. It is believed that the record amply reflects defendant's diligence in assisting in his defense by obtaining relevant

documents from Honduras. But, this takes considerable time. The government's recent disclosures warrant the same attention. Thus, defendant has immediately attempted to secure relevant evidence but much needs to be done and delays from Honduras will ensue.

Presently defendant's sentencing response is due on December 3, 2019. Respectfully, more time is now required. Accordingly, defendant requests until Friday, January 6, 2020 to file his response to the government's sentencing submission, with a hearing to be adjourned to a date thereafter at the convenience of the court.

I thank Your Honor for your attention to this matter and remain,

Respectfully,

LINDA GEORGE

Application GRANTED IN PART.

A conference will be held on December 5, 2019, at 11:00 a.m. with the Government, Defendant Avila-Meza and Defendant Zelaya Romero and their counsel.

Defendant Avila-Meza's deadline to file a response to the Government's sentencing submission is stayed pending the conference.

Dated: December 2, 2019
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## CERTIFICATION OF SERVICE

I, Linda George, certify that on this date I have filed the foregoing with the Clerk of the Court via the CM ECF system which will provide appropriate copies to the following and all parties of record. In addition, I have copies on the following as described:

| | |
|---|---|
| Hon. Lorna G. Schofield, U.S.D.J.<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 | VIA U.S. POSTAL SERVICE EXPRESS MAIL<br>(1 courtesy copy) |
| AUSA Emil Bove<br>Office of the U.S. Attorney<br>for the Southern District of New York<br>One St. Andrews Plaza<br>New York, New York 10007 | |
| AUSA Matthew Joseph Laroche<br>Office of the U.S. Attorney<br>for the Southern District of New York<br>One St. Andrews Plaza<br>New York, New York 10007 | |
| AUSA Jason Richman<br>Office of the U.S. Attorney<br>for the Southern District of New York<br>One St. Andrews Plaza<br>New York, New York 10007 | |
| Juan Manuel Avila-Meza | VIA HAND DELIVERY |

Dated: November 16, 2019

_____
Linda George