

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 14, 2020

<u>Via ECF</u>
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

      Re:  *United States v. Juan Manuel Avila-Meza*, S1 15 Cr. 174 (LGS)

Dear Judge Schofield:

  The parties jointly write in response to the Court's February 5, 2020 order concerning the *Fatico* hearing for defendant Juan Manuel Avila Meza, currently scheduled for March 24 and March 25, 2020. The Court has ordered the parties to address: (1) whether the defendant maintains objections to any language in the pre-sentence investigation report ("PSR") or the Government's sentencing submission; (2) whether the Government seeks to have the Court consider its allegation that the defendant was involved in the extradition and murder of an individual; and (3) whether and, if so, why the Government believes a hearing is necessary regarding the defendant's involvement in the *Cachiros* drug-trafficking organization and the defendant's role in setting up a particular meeting between members of the *Cachiros* and Hernandez Alvarado.

  *First,* the defendant continues to object to the version of the offense conduct set forth in paragraphs 14-21 of the PSR on the basis that the language pertaining to the defendant's participation is misleading and imparts a significance to the defendant that is inflammatory and unwarranted. According to the defendant, "because these paragraphs contain allegations that either do not pertain to the defendant or are characterizations of activity alleged to have taken place, confrontation of witness at a hearing pursuant to *Fatico v. US*, 458 F. Supp 388 (1978) will not be dispositive of defendant's objections and thus is not required."[1]

  Defense counsel further has informed the Government that the defendant maintains the following objections to the PSR:

- "Paragraph 14 - Probation states that Ludwig Criss Zelaya and Juan Manuel Avila Meza were members of the Honduran National Police ("HNP") who assisted the Cachiros, the leaders of the organization, in various drug trafficking and related activities. This seems

---

[1] On February 11, 2020, defense counsel provided the Government with a letter outlining the defendant's objections and requested that those objections be incorporated in this letter.

to imply that defendant Avila was one of two individuals in the HNP who participated in the Cachiros conspiracy. This is obviously not correct as there were many others charged and not charged and that fact should be reflected in the PSR."

- "Paragraph 15 - Probation states that in 2004 Lopez Mejia introduced the Cachiros to others including defendant Avila and that between 2005 and 2011, one of the Cachiros would notify either co-defendant Mejia Vargas or Zelaya Romero each time the Cachiros would receive a load of cocaine on a monthly basis. There is no evidence to support the fact that defendant Avila was introduced by Lopez-Mejia in 2004 to the Cachiros, nor that he was one of the individuals so notified with respect to the monthly load of drugs received by the Cachiros. Accordingly, this paragraph as pertains to defendant Mejia should be eliminated."

- "Paragraph 16 - Since this paragraph does not contain facts relevant to defendant Avila, nor has the government disclosed any evidence to support Avila's participation in same, it should not be included in defendant Avila's PSR."

- "Paragraph 17 - Since this paragraph does not contain facts relevant to defendant Avila, nor has the government disclosed any evidence to support Avila's participation in same, it should not be included in defendant Avila's PSR."

- "Paragraph 18 - This paragraph does not contain facts relevant to defendant Avila, and contains allegations of a series of murder attempts, for which the government has not disclosed any evidence to support Avila's participation in same. Thus this paragraph should not be included in defendant Avila's PSR."

- "Paragraph 19 - This paragraph does not contain facts relevant to defendant Avila, and contains allegations of facts pertaining to a murder committed by co-defendant Zelaya-Romero, for which the government has not disclosed any evidence to support Avila's participation in same. Thus this paragraph should not be included in defendant Avila's PSR."

- "Paragraph 20 - This paragraph does not contain facts relevant to defendant Avila, and contains allegations of facts of yet another murder by co-defendant Zelaya-Romero, for which the government has not disclosed any evidence to support Avila's participation in same. Thus this paragraph should not be included in defendant Avila's PSR."

- "Paragraph 21- This paragraph contains facts concerning the meeting held at Denny's restaurant. The facts however, reflect that defendant Avila helped set up the meeting. While he was involved in the meeting, he was not the individual who arranged the meeting. That meeting was arranged by the other attorneys who attended and defendant Avila remained on the side as indicated in the video recording. This paragraph should be amended accordingly."

- "Paragraph 65 - Defendant's employment record should be accurately reflected as set forth in defendant's objections to the draft PSR."

Defense counsel also has notified the Government that the defendant has the following objection to the Government's sentencing submission:

> The government's sentencing submission dated July 2, 2019 urges that defendant Avila participated in at least "four of the core functions of the criminal enterprise: Drug trafficking, money laundering, sanctions evasion and debt collection." While this submission clearly does not allege acts of violence as set forth in the government's recent notification and January 29, 2020 submission, the submission nonetheless requires a response to the various inaccurate characterizations and conclusions contained therein.
>
> Defendant had requested certain documents from Honduras to present to the court in response to the government's characterizations and conclusions in its sentencing submission. The allegations of violence recently revealed and contained in the government's January 29, 2020 letter require further investigation and thus defendant's responsive submission is delayed.

*Second,* the Government respectfully requests that the Court consider that the defendant was involved in the extradition and murder of a particular individual ("Victim-1"). The Government expects that at a *Fatico* hearing, as at the trial of Juan Antonio Hernandez Alvarado, 15 Cr. 379 (PKC), there will be evidence showing that the defendant used his law enforcement contacts to assist a cooperating witness ("CW-1") in tracking down Victim-1 who was living outside of Honduras, extraditing Victim-1, and ultimately having Victim-1 killed. The defendant's role in those series of events, his abuse of his connections with law enforcement, and the seriousness of the conduct that occurred are all relevant factors to the Court's determination of an appropriate sentence. The defendant has informed the Government that it "vehemently objects to [these] allegations of violence." Because there remains a disputed issue of fact—whether and how the defendant was involved in such violent conduct—the Government requests that a *Fatico* hearing be conducted to resolve this dispute.

*Third,* the Government respectfully submits that a hearing is necessary because the defendant continues to object to his historical involvement in the *Cachiros* drug-trafficking organization and the defendant's role in setting up the meeting between members of the *Cachiros* and Hernandez Alvarado, as detailed in the PSR and the Government's sentencing submission. In particular, the Government expects that witness testimony will provide details about the defendant's prior involvement with the *Cachiros* and will inform the Court about the role that the defendant played in narcotics trafficking, including that he helped coordinate drug shipments.

The Government further expects that witness testimony will provide important context for and details about the meeting with Hernandez Alvarado that occurred in 2014. The defendant continues to object to the paragraph in the PSR that describes this meeting and, in particular, appears to assert that he did not have a critical role and just "remained on the side" while the meeting was ongoing. The Government disputes that characterization. To the contrary, the Government expects that witness testimony will show that the defendant took important steps in proposing and setting up the meeting with Hernandez Alvarado, including by discussing with a leader of the *Cachiros* about anticipated negotiations with Hernandez Alvarado.

The Government respectfully submits that the Court can and should consider this information in determining the appropriate sentence for the defendant. *See United States* v. *Watts*, 519 U.S. 148, 152 (1997) ("Highly relevant—if not essential—to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.") (internal quotation marks omitted); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States* v. *Reese*, 33 F.3d 166, 174 (2d Cir. 1994) ("[W]hen determining sentence, a sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal.").

The Court has already held a *Fatico* hearing in connection with the sentencing of another defendant in this case—Fabio Porfirio Lobo. During that hearing, the Government was able to provide the Court with information relevant to Lobo's sentencing and which appeared to assist the Court in its sentencing determination. (*See* dkt. no. 252 at 20 ("This is something that I actually saw a great deal of evidence about, not only in the form of testimony, but also in the form of tape recordings and other evidence. So I feel as though in this case, unlike many others where I have to sentence someone, I actually had a much better feel for what happened and what your actual participation was.")). The Government respectfully submits that here, too, there will be witness testimony that will assist the Court in understanding the defendant's involvement with the *Cachiros* drug-trafficking organization as well as the extradition and murder of Victim-1, which are appropriate considerations in imposing the defendant's sentencing.

                                                Respectfully submitted,

                                                GEOFFREY S. BERMAN
                                                United States Attorney

By:     /s/
        Matthew Laroche / Jason A. Richman / Elinor L. Tarlow
        Assistant United States Attorneys
        (212) 637-2420/2589/1036

Cc: Defense Counsel (Via ECF)